IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEITH AMBROSINI,

    Plaintiff,

v.

UNIVERSAL CABLE HOLDINGS, INC.,
DBA SUDDENLINK COMMUNICATIONS,
WENDY PURNELL, CHARLES HARRIS,
and DOES 1 through 100, inclusive,

    Defendants,
_____/

No. CV 14-00896 RS

**ORDER DENYING MOTION TO REMAND**

## I. INTRODUCTION

Plaintiff Keith Ambrosini filed this action in state court against Universal Cable Holdings (hereinafter "Suddenlink"), Suddenlink supervisors Wendy Purnell and Charles Harris, and various doe defendants. Ambrosini asserts claims for employment discrimination under the Fair Employment & Housing Act ("FEHA"), breach of contract, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and wrongful termination. After Suddenlink removed on the basis of diversity jurisdiction, Ambrosini filed this motion to remand, arguing the case lacks complete diversity. Because defendants Purnell and Harris were fraudulently joined, and the remaining defendants are completely diverse from plaintiff, Ambrosini's motion is denied.

## II. FACTUAL BACKGROUND[1]

This case arose when Ambrosini was terminated from Suddenlink, where he had worked as a technician since 1983.  In late January 2012, Ambrosini fell ill, causing him to miss several days of work.  According to the complaint, he called Suddenlink on January 23 and 24, 2012, and spoke with a supervisor, Aaron Byers, to explain that he was too sick to come to work. When Ambrosini's condition only worsened, he called and spoke again with Byers on January 25, explaining that he required medical care and would need to miss several more days of work. Byers allegedly stated he would relay the message to all necessary parties, leading Ambrosini to believe his supervisors had granted his request for time off. Ambrosini subsequently missed work on January 26 and 27.

Defendant Harris, another supervisor, called Ambrosini on January 27 and left a message on his home phone to inquire about Ambrosini's condition. According to Ambrosini, this course of conduct was unexpected, as Suddenlink supervisors traditionally called his work phone, which Ambrosini always kept on his person.  Because Ambrosini was away from home receiving medical care, he did not receive Harris's message until after the workday had ended.

When Ambrosini returned to work on January 30, he was terminated.  According to his supervisors, Ambrosini's firing was due to his failure to call in sick on January 26 and 27, in violation of Suddenlink's employment policy. Ambrosini, however, claims he was actually terminated due to his age. The complaint alleges "supervisors made various comments towards plaintiff and other employees over 50 years of age, who have since been terminated, indicating Suddenlink would be firing the older workers in order to hire a younger work force. Shortly after these comments were made, Suddenlink began firing the age 50+ employees to hire a younger work force." (Compl. ¶ 19). Ambrosini also asserts a negligence claim against Harris and Purnell, alleging

---

[1] The factual background is based on the averments in the complaint, which are assumed to be true for the purposes of assessing whether joinder was proper. *See Thomas v. Aetna Health of California, Inc.*, 2011 WL 2173715, at *5 (E.D. Cal. June 2, 2011) ("In ruling on a motion for remand where fraudulent joinder is alleged, a court must evaluate the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff") (citations omitted).

"Suddenlink, and Suddenlink's supervisors did not act reasonably in preventing plaintiff from being discriminated against . . . ." (Compl. ¶ 34).

### III. LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, removal jurisdiction exists where a case filed in state court presents a federal question or involves diversity of citizenship and meets the statutory amount in controversy. *See* 28 U.S.C. §§ 1331, 1332. Courts strictly construe the removal statute against finding federal subject matter jurisdiction, and the defendant bears the burden of establishing the basis for removal. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Although complete diversity is required under § 1332, district courts may ignore the fraudulent joinder of non-diverse defendants in determining whether diversity jurisdiction exists. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citation omitted). Fraudulent joinder "is a term of art" that "does not reflect on the integrity of plaintiff or counsel . . . ." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) *aff'd*, 710 F.2d 549 (9th Cir. 1983) (citation and internal quotations omitted). Joinder is fraudulent if the plaintiff fails to state a claim against the defendant, and "the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotations omitted).

The standard for determining whether a defendant is fraudulently joined is similar to that of a 12(b)(6) motion to dismiss. *See Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975) ("Inasmuch as appellant's case against the individual defendants was sufficient to withstand a dismissal motion under [Rule] 12(b)(6), the joinder of claims against them was not fraudulent . . . ."). In determining whether a removed claim is viable, courts typically "look only to a plaintiff's pleadings[.]" *Ritchey*, 139 F.3d at 1318 (citation and quotation marks omitted). "The review of the complaint, however, is constrained to the facts actually alleged therein; it does not extend to facts or

causes of action that *could* be alleged via an amended complaint." *Pasco v. Red Robin Gourmet Burgers, Inc.*, 2011 WL 5828153, at *3 (E.D. Cal. Nov. 18, 2011) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989)) (emphasis in original). When assessing whether joinder was proper, the court may go "somewhat further" by allowing a defendant to present additional facts demonstrating joinder was fraudulent. *See Ritchey*, 139 F.3d at 1318.

## IV. DISCUSSION

Ambrosini does not dispute the amount-in-controversy requirement has been met, or that diversity of citizenship exists between himself and Suddenlink. Nor do defendants dispute that Harris and Purnell, both citizens of California, would destroy complete diversity if properly joined. The parties contest, however, whether Harris and Purnell are proper parties to this action. According to Suddenlink, the complaint fails to state any cognizable claim against either supervisor.

Of the six claims advanced in Ambrosini's complaint, three apply to the individual defendants: the first (age discrimination under FEHA), third (negligence), and fifth (negligent infliction of emotion distress, or "NIED") claims.[2] As an initial matter, the complaint makes little attempt to connect these claims to the actions of either Harris or Purnell. Although Ambrosini's pleading makes numerous references to "defendants" generally, it includes few factual averments concerning the conduct of his supervisors. His motion to remand, on the other hand, introduces additional allegations not found in the complaint.[3] The propriety of joinder cannot be assessed on the basis of new allegations raised in plaintiff's motion papers. *See Pasco*, 2011 WL 5828153 at *3 (in "review of the complaint . . . [the court] is constrained to the facts actually alleged therein"). Although a court can "go somewhat further" than the pleadings when fraudulent joinder is an issue, *see Ritchey*, 139 F.3d at 1318, this case does not present a scenario where *defendants* seek to

---

[2] The complaint does not clearly indicate which claims are asserted against which defendants. In his motion, however, Ambrosini only advances arguments pertaining to these three claims.

[3] For example, Ambrosini contends in his motion that "Harris knew, or should have known, that plaintiff was more accessible through his work phone that he carried with him at all times." (Pl. Mot., ECF No. 21, 3:10-11). He also claims "Purnell and Harris were plaintiff's supervisors . . . and were responsible for their actions, and inactions, including their negligence in allowing the comments to be made about replacing the older employees with younger ones, as well as their central role in terminating plaintiff's employment." (*Id.* at 5:17-21).

introduce additional facts showing that joinder was fraudulent. *See id.* Because the validity of joinder must be based on the allegations in the complaint, Ambrosini's untimely new averments are irrelevant to the following analysis.[4]

The first claim alleges all defendants, including Harris and Purnell, are liable for employment discrimination under FEHA. California law, however, precludes plaintiffs from asserting employment discrimination claims against individual supervisors. In *Reno v. Baird*, 18 Cal. 4th 640, 643 (1998), the California Supreme Court held that "FEHA . . . allows persons to sue and hold liable their employers, but not individuals." The court explained that making supervisors liable for discrimination "would place a supervisory employee in a direct conflict of interest with his or her employer," thereby putting employees "in the position of choosing between loyalty to the employer's lawful interests . . . and protecting his or her own personal interests." *Id.* at 653 (quoting *Janken*, 46 Cal. App. 4th at 74) (internal quotations omitted). *See also Lelaind v. City & Cnty. of San Francisco*, 576 F. Supp. 2d 1079, 1089 (N.D. Cal. 2008) ("under FEHA, no individual liability attaches for claims of discrimination . . . ."). Accordingly, Ambrosini's FEHA claim against Purnell and Harris is not cognizable under California law.

Ambrosini's negligence-based claims fare no better. In his third claim, Ambrosini alleges "Suddenlink, and Suddenlink's supervisors did not act reasonably in preventing plaintiff from being discriminated against . . . ." (Compl. ¶ 34). Although Ambrosini casts this claim as one for common law negligence, such a claim would be more properly brought under FEHA, which prohibits the failure to prevent discrimination, making it an unlawful employment practice "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."[5] Cal. Gov. Code § 12940(k). California does not, however, recognize a common law tort claim for a supervisor's negligent failure to prevent discrimination. *See Hine v. Dittrich*, 228 Cal. App. 3d 59,

---

[4] Even if plaintiff's additional allegations were properly incorporated into the complaint, Ambrosini would still fail to state a cognizable claim against his supervisors.

[5] Indeed, courts have interpreted this provision as creating a tort sounding in negligence with the usual elements of breach of duty, causation and damages. *Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280, 286-87 (1998). Courts have also found, however, that claims under § 12940(k) cannot be brought against individual co-workers. *See Howard v. Nat'l R.R. Passenger Corp.*, 2007 WL 1288197, at *7 n. 5 (N.D. Cal. Apr. 30, 2007).

1  65 (Ct. App. 1991) (allegations that employer acted unreasonably or "should have" done something
2  different "do not establish a tort of negligence independent of the discharge itself"); *Butler v. Sears*
3  *Roebuck & Co.*, 1992 WL 364779, at *2-3 (N.D. Cal. Oct. 20, 1992) (finding no need to recognize a
4  negligence claim for failure to prevent age discrimination "when the California legislature has
5  already provided a comprehensive statutory remedy" for employees subject to such discrimination).

6  Ambrosini's negligence claim arises from the same set of facts as his employment
7  discrimination claim, rendering the two claims inseparable. Yet plaintiff has not presented any
8  authority recognizing negligent failure to prevent discrimination as a claim for relief separate from
9  FEHA. Indeed, "California courts and the Ninth Circuit have concluded that the exclusive remedy
10 for age discrimination is under . . . FEHA." *See Butler*, 1992 WL 364779 at *3.  This result is
11 consistent with the concerns expressed in *Reno*. Holding supervisors liable for their negligent failure
12 to prevent discrimination would create the same employer-supervisor "conflict of interest" discussed
13 in that case. *See* 18 Cal. 4th at 653. It would make little sense to allow plaintiffs like Ambrosini to
14 circumvent FEHA's limitations merely by framing an employment discrimination claim as a
15 common law negligence claim. It is thus clear under California law that Ambrosini fails to state a
16 negligence claim against Purnell or Harris.

17 He also fails to state a claim against his supervisors for negligent infliction of emotional
18 distress. Although Ambrosini pleads NIED as a separate claim for relief, there "is no independent
19 tort of negligent infliction of emotional distress." *See Stewart v. SEIU United Healthcare Workers-*
20 *W.*, 2012 WL 1357633, at *4 (N.D. Cal. Apr. 17, 2012) (citing *Potter v. Firestone Tire & Rubber*
21 *Co.,* 6 Cal. 4th 965, 984 (1993)). Rather, NIED "is a form of the tort of negligence, to which the
22 elements of duty, breach of duty, causation and damages apply." *Id.* (citations and internal
23 quotations omitted). As explained above, Ambrosini has failed to "establish a tort of negligence
24 independent of the discharge itself." *See Hine*, 228 Cal. App. at 65. Because Ambrosini's NIED
25 claim against his supervisors is premised on the same alleged conduct underlying his negligence
26 claim, *see* Compl. ¶¶ 39-40, it necessarily fails, too.

27 If the court finds that joinder is fraudulent, "the defendant may be dismissed from the action
28 under Rule 21." *Maffei v. Allstate California Ins. Co.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006).

No. CV 14-00896 RS
ORDER

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Here, Ambrosini has failed to state a cognizable claim against either Purnell or Harris. Because those defendants were fraudulently joined in this matter, they are hereby dismissed from this action. *See Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 249 (E.D. Cal. 1992) (dismissing two defendants after determining they had been fraudulently joined).

## V. CONCLUSION

Ambrosini has failed to state a cause of action against either Purnell or Harris, and the failure is clear according to California law. *See Ritchey*, 139 F.3d at 1318. The individual defendants Purnell and Harris were thus fraudulently joined to the present action. The motion to remand is denied, and defendants Purnell and Harris are dismissed.

IT IS SO ORDERED.

Dated: 7/7/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE