UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH AMBROSINI,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSAL CABLE HOLDINGS, INC. DBA SUDDENLINK COMMUNICATIONS,<br><br>    Defendant. | Case No. 14-cv-00896-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION, AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 45 |

On April 23, 2015, the Court held a hearing on Defendant's Motion for Summary Judgment (Dkt. No. 45). A bench trial in this matter is scheduled to begin on July 6, 2015, and the parties' pretrial filing deadlines are approaching. In the interest of enabling the parties to prepare appropriate pretrial filings and participate in informed settlement discussions, the Court issues the following rulings on Defendant's motion, which is GRANTED in part and DENIED in part. The Court will issue an order setting out a more detailed analysis underlying these rulings as soon as practicable.

Defendant moves for summary judgment or, in the alternative, summary adjudication on all of Plaintiff's claims under Federal Rule of Civil Procedure 56. Under Federal Rule of Civil Procedure 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." At the summary judgment stage, "all justifiable inferences must be drawn in [the nonmovant's] favor." *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citation omitted).

In an employment discrimination case, a plaintiff "need produce very little evidence in

order to overcome an employer's motion for summary judgment." *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000); *see also Nigro v. Sears, Roebuck and Co.*, ---F.3d---, 2015 WL 1591368, at *3 (9th Cir. 2015) (reversing grant of summary judgment for defendant in discrimination case brought under California's Fair Employment and Housing Act ("FEHA") and noting that "it should not take much for a plaintiff in a discrimination case to overcome a summary judgment motion."). "This is because the ultimate question is one that can only be resolved through a searching inquiry -- one that is most appropriately conducted by a factfinder, upon a full record." *Chuang,* 225 F.3d at 1124 (citation and internal quotation marks omitted).

Applying the Ninth Circuit's well-settled standards, the Court finds that Plaintiff has (only just) presented enough evidence to give rise to triable issues of material fact with regard to five of his causes of action. The Court further finds that the sixth claim is insufficient to proceed to trial as a matter of law. Accordingly:

(1)   Defendant's Motion for Summary Judgment on Plaintiff's First Cause of Action (Employment Discrimination) is DENIED;

(2)   Defendant's Motion for Summary Judgment on Plaintiff's Second Cause of Action (Breach of Contract) is DENIED;

(3)   Defendant's Motion for Summary Judgment on Plaintiff's Third Cause of Action (Negligence) is DENIED;

(4)   Defendant's Motion for Summary Judgment on Plaintiff's Fourth Cause of Action (Intentional Infliction of Emotional Distress) is GRANTED;

(5)   Defendant's Motion for Summary Judgment on Plaintiff's Fifth Cause of Action (Negligent Infliction of Emotional Distress) is DENIED; and

(6)   Defendant's Motion for Summary Judgment on Plaintiff's Sixth Cause of Action (Wrongful Termination in Violation of Public Policy) is DENIED.

In addition, while the Court need not conclusively decide at the summary judgment stage whether Plaintiff ultimately will be able to prove an entitlement to punitive damages, the Court believes that the evidence proffered to date would be extremely unlikely to support an award of

punitive damages if proven at trial.

The parties are further ORDERED to appear at a case management conference on **June 9, 2015 at 2:00 p.m.** to discuss next steps in this matter. Lead trial counsel for each party is required to attend the case management conference, and counsel should be prepared to discuss the status of settlement discussions.

**IT IS SO ORDERED.**

Dated:   June 1, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge